UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY MERLE KOEPPEL, et al., | Case No. 24-cv-06457-NW |
| Plaintiffs, | |
| v. | **ORDER STRIKING DAUBERT MOTION** |
| STEVEN WILKER, et al., | Re: ECF No. 59 |
| Defendants. | |

On June 13, 2025, the Court issued a scheduling order setting the dispositive and *Daubert* motion filing deadline as October 14, 2025, and the dispositive motion hearing deadline as December 17, 2025.  ECF No. 27.  Because neither party filed any dispositive or *Daubert* motions by October 14, 2025 (or anytime thereafter), the Court vacated the December 17, 2025, hearing set aside for the parties.  When vacating the hearing on December 9, 2025, the docket text expressly reminded the parties that "[a]ll other dates set pursuant to [the scheduling order at ECF No.] 27 remain[ed] as scheduled."  ECF No. 40.  On January 20, 2026, more than three months after the dispositive motion filing deadline had passed, Plaintiffs filed the pending motion to exclude testimony of Defendants' expert witness Hansen under Federal Rule of Evidence 702 and *Daubert*.  ECF No. 59 ("Motion").

A court's scheduling order "must limit the time to . . . file motions."  Fed. R. Civ. P. 16(b)(3)(A).  Once entered, the scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).  The Ninth Circuit has articulated the good cause standard as follows:

United States District Court
Northern District of California

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks and citations omitted); *see also W. States Wholesale*, 715 F. 3d at 737 (reaffirming "good cause" standard articulated in *Johnson*).

Here, Plaintiffs have not moved to modify the dispositive motion filing deadline set by the Court's scheduling order and offered no good cause for filing a *Daubert* motion more than three months after that deadline. To the contrary, Plaintiffs' decision to file their motion without seeking leave of court, or referencing the existence of a deadline long-since expired, makes a finding of diligence under Rule 16(b) impossible. *See Johnson*, 975 F.2d at 609. And, because the Court has found that Plaintiffs were not diligent, the "good cause" inquiry ends, and the Court need not inquire as to the degree of prejudice suffered by Defendant. *See id.*

The Court STRIKES AS UNTIMELY Plaintiffs' Motion, and Plaintiffs are ORDERED not to refile the Motion.

**IT IS SO ORDERED.**

Dated: January 21, 2026

_____

Noël Wise
United States District Judge

United States District Court
Northern District of California

2