UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY MERLE KOEPPEL, et al.,

Plaintiffs,

v.

STEVEN WILKER, et al.,

Defendants.

Case No. 24-cv-06457-NW

**ORDER TO SHOW CAUSE**

Re: ECF No. 107

As set forth on the record at the March 3, 2026 pretrial conference, the Court ORDERS the parties TO SHOW CAUSE why sanctions should not issue against counsel for failure to comply with multiple Orders issued by this Court. Ronald H. Freshman of the Law Offices of Ronald H. Freshman represents Plaintiffs. Jessica R. MacGregor, Abigail W. Henderson, and John B. Sullivan of Long & Levit LLP represent Defendants.

Given the nature of this Order, the Court finds it prudent to recite the relevant history of this case from its inception. On July 25, 2024, Plaintiffs (Gary and Emma Koeppel, individuals and trustees of the Koeppel Family Trust) filed a three-count complaint alleging legal malpractice, breach of fiduciary duty, and breach of contract against Defendants Steven Wilker (attorney), and Tonkon Torp LLP (law firm) in Monterey County Superior Court. The allegations in the complaint stem from Defendants' representation of Plaintiffs in litigation regarding the title and deed of trust for Plaintiffs' home. Defendants took over the litigation from Mr. Freshman (the same Mr. Freshman who currently represents Plaintiffs in this action) beginning in mid-2022.

Defendants removed the case to this Court on August 24, 2024, and filed an answer on September 20, 2024. ECF Nos. 1, 8. In the nearly 15 months that followed, neither party filed anything substantive, though the Court issued a case management and trial setting order on

December 20, 2024.[1] *See* ECF No. 21.[2]  In that Order, the Court set the following dates:  deadline to file dispositive and *Daubert* motions – October 14, 2025; close of discovery – December 15, 2025; hearing on dispositive and *Daubert* motions – December 17, 2025; deadline to file joint pretrial statement – February 4, 2026; final pretrial conference – February 18, 2026; 4-day jury trial – begins March 2, 2026.  As discussed further below, this Court has an extensive Standing Order for Civil Jury Trials ("Standing Order")[3] that provides detailed instructions to parties regarding all tasks that must be completed by parties in advance of the pretrial conference and trial, and requires all trial counsel to appear in person for the pretrial conference.

Neither party filed dispositive or *Daubert* motions within the deadline set by the Court. Instead, on October 17, 2025, Defendants filed a motion to continue trial — a motion that was opposed by Plaintiffs the same day.  The Court denied the motion on October 28, 2025.

The parties filed nothing else until the end of November 2025, though the ensuing filings demonstrate that the parties realized the need to start discovery for their imminent trial.  On November 20, 2025, Magistrate Judge Cousins issued an "Order Responding to Emails to Courtroom Deputy" that began as follows: "Today the attorneys on both sides of this case have been bombarding my courtroom deputy with emails concerning a dispute about the scheduling of a deposition."  ECF No. 31.  Two pages later the Order ends with an admonishment to counsel: "In sum, the emails to the Court must stop.  If the attorneys are unable to resolve their discovery

---

[1] In that same period, the parties filed five non-substantive documents: a declaration with the names and citizenship of the members of Tonkon Torp, LLP (in response to the Court's request), ECF No. 14; two single-page forms (one from each side) acknowledging this Court's local rules regarding ADR, ECF Nos. 16-17; a joint case management statement in December 2024, ECF No. 18; and a single page stipulation confirming the name of their mediator (in response to a Court Order), ECF No. 22.  The parties also attended an 11-minute initial case management conference via Zoom on December 19, 2024.  ECF No. 20.  It was during that conference that the parties were ordered to select a mediator within 28 days.

[2] After the case was assigned to the undersigned Judge on February 24, 2025, *see* ECF No. 24, the Court, on June 13, 2025, affirmed all the deadlines set forth in the December 20, 2024 Order, though it rescheduled hearings and trial dates to conform with its own law and motion calendar. ECF No. 27.

[3] Though the Court updated its Standing Order on March 2, 2026, all references within this Order are to the nearly identical version of the Standing Order (dated September 2, 2025) that was operative during most of the parties' trial preparations in January and February 2026.

United States District Court
Northern District of California

dispute, they must comply with my Standing Order.  Further violations will be sanctioned." *Id.*

On December 5, 2025, the parties stipulated to extend the deadline to complete expert depositions by one month to January 15, 2026.  ECF No. 36.  The Court granted that stipulation the same day.  ECF No. 38.

Additional filings suggest that the parties then began to focus on their delinquent discovery.  Judge Cousins issued four orders between December 15 and December 30, 2025.  *See* ECF Nos. 44, 46, 48, 50.  Those orders reveal that the parties were dilatory and failed to effectively work together to resolve their disputes.  For example, in his December 19, 2025 Order Judge Cousins stated, "As discussed at the hearing, a central challenge in resolving these discovery motions is that the parties have much discovery left to pursue and little time to complete the tasks.  Compounding the challenge, the briefs filed by the parties demonstrate that the attorneys have not been effectively communicating and cooperating with each other."  ECF No. 48.  And, in his December 30, 2025 Order, Judge Cousins noted, "The Court has already ordered that if Plaintiffs thwart the Paatalo deposition, Defendants may move for sanctions."  ECF No. 50.

On January 13, 2026, the parties stipulated to further extend expert discovery to January 31, 2026.  ECF No. 54.  The Court denied that request the following day.  ECF No. 55.

Despite the Court's Standing Order, on January 15, 2026, Mr. Freshman filed a letter (an improper form for seeking relief from the Court) asking to appear remotely at the pretrial conference stating that it was inconvenient and expensive for him to appear in person.  ECF No. 56.  The next day the Court denied Mr. Freshman's request.  ECF No. 57.

On January 21, 2026, more than three months after the October 14, 2026 deadline set out in the Court's June 13, 2025 case management Order, Plaintiff filed a *Daubert* motion.  ECF No. 59.  Later that day the Court struck the motion as untimely stating:

> Here, Plaintiffs have not moved to modify the dispositive motion filing deadline set by the Court's scheduling order and offered no good cause for filing a *Daubert* motion more than three months after that deadline.  To the contrary, Plaintiffs' decision to file their motion without seeking leave of court, or referencing the existence of a deadline long-since expired, makes a finding of diligence under Rule 16(b) impossible. *See Johnson*, 975 F.2d at 609.  And, because the Court has found that Plaintiffs were not diligent, the "good cause" inquiry ends, and the Court need not inquire as to the degree of

3

United States District Court
Northern District of California

prejudice suffered by Defendant. *See id.* ECF No. 62.

As noted above, the Court's 9-page Standing Order provides the parties with clear instructions for jury trials.  Among other things, and relevant here, the Standing Order requires that at least 21 days prior to the final pretrial conference, lead trial counsel must meet and confer with respect to all filings that are required fourteen days before the pretrial conference (in this case by February 4, 2026), including motions in limine ("MILs" - parties limited to three per side not to exceed 25 pages per side, 50 pages total), and preparation of the joint pretrial statement, which must include things such as: a plain and concise statement of all relevant, undisputed facts; a similar statement for disputed facts; an exhibit list that the witness sponsoring the exhibit, whether the parties have stipulated to the exhibit, and if not the outstanding objection; a statement of any motions or other matters that must be resolved prior to trial; and a statement of any requested amendments to the pleadings including dismissals of parties' claims or defenses.  Also due on February 4, 2026, among other things, were the parties' agreed upon jury instructions and verdict form.

On February 4, 2026, the Court denied without prejudice the parties' 105-page filing submitted earlier that day regarding their MILs because it violated the page limit in the Court's Standing Order by more than double.  ECF No. 75.  As a courtesy, the Court gave the parties 2 additional days to refile the motions. *Id.*

Also on February 4, 2026, the parties filed a joint pretrial statement (with exhibit lists attached), jury instructions, and verdict forms that provided almost none of the information required in the Court's Standing Order and clearly demonstrated that the parties had both failed to meaningfully meet and confer, and that they were not prepared for trial.  ECF Nos. 66-70.  For example, the statement of undisputed facts for the case was distilled to two sentences:  "Plaintiffs retained Defendants Steven Wilker and Tonkon Torp LLP to represent them in *Koeppel v. Central Pacific Mortgage et al.*, Monterey County Superior Court Case No.21CV001586 ("2021 Declaratory Action"), on July 29, 2022.  A Notice of Default concerning Plaintiffs' residence was recorded on January 4, 2023."   ECF No. 66.  The parties' respective exhibit lists revealed that the

parties had not stipulated to a single exhibit, and given that about 200 exhibits had no objections, it was clear that the parties had simply not discussed those documents. *Id.* Without further belaboring the issue, the parties' jury instructions and verdict forms were similarly deficient. ECF Nos. 68-69.

The Court held the pretrial conference on February 18, 2026. The parties acknowledged that they failed to comply with the Court's Standing Order, including their failure to adequately meet and confer. The Court admonished the parties but did not impose any sanction. The Court ruled on the parties updated MILs, gave the parties until Friday, February 27, 2026, to complete the filings necessary to comply with the Standing Order, continued the pretrial conference to March 2, 2026, and continued the start of trial to March 16, 2026. *See* ECF No. 88.

The parties filed updated documents on February 27, 2026. ECF No. 93-96. On Saturday, February 28, 2026, the Court issued a docket Order noting that multiple mandatory submissions were still not complete, including the parties' exhibit list. ECF No. 101. The Court ordered the parties to return to Court on Tuesday, March 3, 2026, for a further pretrial conference and to be prepared to work day-to-day from the Court if necessary to comply with the Court's Standing Order. *Id.*

When the Court met with the parties on March 3, 2026, the Court noted that it learned for the first time through the parties' February 27, 2026 filings, that the parties had reached an impasse regarding jury instructions and the verdict form primarily because they have a substantial dispute about fundamental legal questions in the case (including whether one or more of the Plaintiffs' causes of action are duplicative, and whether certain damages were available to Plaintiffs). These issues were never briefed by the parties in a motion to dismiss, motion for summary judgment, or any other pre-trial motion. The Court ordered the parties to brief those issues, set a briefing schedule, and set a hearing date for Friday, March 13, 2026. At that point in the hearing, the Court noted that the repeated failure of the parties to comply with Court orders had prevented the Court not only from being able to timely proceed with this trial, but also prevented the Court from being able to timely try another case or otherwise efficiently attend to the business of the Court. The Court noted that the parties had seemingly been nonplussed by

United States District Court
Northern District of California

their noncompliance with Court orders to date. The Court then issued this Order to Show Cause.

Based on the foregoing, the Court ORDERS counsel for both parties to show cause why they should not be sanctioned for complying with court orders. These Orders include but are not limited to the Court's Case Management and Pretrial Order of June 15, 2025, ECF No. 27, the Court's Standing Order for Civil Jury Trials from September 2, 2025, and the Orders issued at the pretrial conference dated February 18, 2026, where the Court directed the parties to file, by February 27, 2026, all outstanding items set forth in the Standing Order, *see* ECF No. 88.

Counsel shall specifically address why the following sanctions should not be imposed as of Friday, February 27, 2026 (the extended deadline), through the date the trial begins: (1) daily monetary sanctions, (2) sanctions up to and including issue preclusion, or (3) other trial-related sanctions, including further limits on the parties' time at trial.

The parties shall file a written response to this Order no later than 5:00 p.m. on Friday, March 6, 2026. A hearing on this Order is set for Friday, March 13, 2026, at 9:00 a.m. If the parties resolve this action before the March 13, 2026 hearing, the Court will consider that development in its assessment of any sanction, but the parties must still timely file written responses to this Order.

**IT IS SO ORDERED.**

Dated: March 4, 2026

Noël Wise
United States District Judge

6