JESSICA R. MACGREGOR, Bar No. 168777
ABIGAIL W. HENDERSON, Bar No. 338358
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:   (415) 397-2222
Facsimile:   (415) 397-6392
Email:   jmacgregor@longlevit.com
         ahenderson@longlevit.com

Attorneys for Defendants
STEVEN WILKER and TONKON TORP LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GARY MERLE KOEPPEL, individual and as Trustee for the KOEPPEL FAMILY TRUST; EMMA K. KOEPPEL, individual and as Trustee for the KOEPPEL FAMILY TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN WILKER; TONKON TORP, LLP, DOES 1-10,<br><br>Defendants. | Case No. 5:24-cv-06457-NW<br><br>**DEFENDANTS' COUNSELS' AND DEFENDANTS' RESPONSE TO OSC**<br><br>Date:         March 13, 2026<br>Time:         9:00 a.m.<br>Judge:        Honorable Noel Wise<br><br>Action Filed: July 25, 2024<br>Trial Date:   To be set |

**I.     INTRODUCTION**

Counsel has absorbed the Court's statements on the record on March 3, 2026 and those set forth in the OSC. At the outset, Defendants' lead trial counsel ("Counsel") states that as the head of her trial team, she bears ultimate responsibility. Thus, if sanctions are awarded, they should not be awarded against her associate, Ms. Henderson, or her partner, Mr. Sullivan, who only recently appeared on the record so that he could assist her at trial. Her clients are not at all involved in the work described below. They dutifully appeared for deposition and answered questions without incident. They responded to interrogatories and produced documents. They have not been the subject of any motions to compel. They should not be punished.

Most importantly, lead trial counsel understands the Court's view of the way she managed

the litigation and will certainly conduct litigation going forward with these critiques firmly in mind.

That the Court has the impression Counsel is "non-plussed" is deeply troubling. The Court's perceptions have hit her hard. For months, she has worked day and night, weekdays and weekends, and during family vacations, holidays and rare times when her children's school breaks align. She forewent spending time with her family on March 19 and 20 to attempt to keep trial on this matter on track. She doggedly attempted to meet and confer with counsel both with respect to the pre-trial requirements and in connection with discovery. She did not intentionally ignore or fail to comply with court orders. At all times it was her and her team's goal and intention to meet the Court's expectations and fully comply with its orders.

## II. FACTS

### A. Relevant Facts Leading Up To Pre-Trial Work

Leading up to and following receipt of Plaintiffs' Rule 26 disclosures, Counsel analyzed this matter and noted that while the amount in controversy was within the jurisdiction of the court, it was slightly under $100,000. (Declaration of Jessica MacGregor, ¶5.) Thus, to conserve resources, and avoid a costly trial, Counsel sought to first devote fees and costs to settlement. (*Id.*) To this end, she worked with opposing counsel to select a mediator, agreed to mediate with a neutral selected by Plaintiffs and submitted and shared with Plaintiffs a comprehensive mediation brief. (MacGregor Decl. ¶6.) The mediation conducted on August 13, 2025, did not resolve the matter.[1] (MacGregor Decl. ¶7.)

After the mediation, Counsel participated in trial in *Gregg v. Cooley LLP, at al.*, Docket No. MER-L-2332-17, a legal malpractice trial in New Jersey. (MacGregor Decl. ¶8.) She lived in New Jersey from August 25 to October 11, 2025, returning home only for one long weekend. (*Id.*) When she returned home on October 11, 2025, she had to prepare for and jump back into trial. (MacGregor Decl. ¶9.) She next tried *Schrader Cellars, LLC v. Roach*, United States District Court

---

[1] Counsel met with the mediator again in December and defense counsel made two time-limited offers to settle in January. On March 3, 2026, based on comments from the Court and before the Court issued this OSC, defense counsel attempted to open up a conversation about settlement. No new demands have been made.

for the Northern District of California Case No. 21-cv-01431-SK from October 21-24, 2025. (*Id.*)

When this matter did not resolve at mediation, Counsel proceeded on a dual track – she kept the lines of communication open to settle and took the discovery necessary to try the case if a resolution was not possible. (MacGregor Decl. ¶11.) While she was involved in the *Gregg* trial, described above, and while Ms. Henderson was on maternity leave, she arranged for another attorney in her office to prepare requests for production served on August 29 and September 8, 2025. (MacGregor Decl. ¶12.) On September 25, 2025, during the trial in New Jersey, she asked Plaintiffs' counsel for October deposition dates, which she anticipated taking in the week after the *Gregg* trial and before the trial in *Schrader* and/or after the *Schrader* trial. (MacGregor Decl. ¶13.) Plaintiffs' counsel was involved in trials and unavailable, further compressing the time in which to complete depositions. (MacGregor Decl. ¶14.)

### B. Motion To Continue Trial

At this point, Counsel prepared a motion to continue trial seeking a 60-90 day continuance based on the issues arising out of both counsels' participation in trials. (Dkt. 28.) Plaintiffs' counsel represented that he would "stipulate to/support/agree" the request. (MacGregor Decl., ¶15, Ex. A.) Plaintiffs filed a "Partial Opposition and Partial Non-Opposition" to the motion. (Dkt. 29.) Specifically, Plaintiffs did not oppose the request for the 60-90 continuance but did oppose the "factual narrative" included in the motion. The motion was denied. (Dkt. 30.)

### C. Depositions; Defense Counsel Did Not Bombard The Court With Emails (Dkt. 31)

Before filing the motion to continue, Counsel worked cooperatively to find dates for their clients' depositions. (MacGregor Decl. ¶16.) The depositions Plaintiffs noticed of Mr. Wilker and Mr. Balmer proceeded without incident and produced no discovery motions. (MacGregor Decl. ¶17.) The depositions Defendants noticed did not, as is thoroughly briefed in Dockets 34, 43, 48, 49, 52, and 53. Counsel will not restate the history of the depositions of Mr. Koeppel and Mr. Paatalo, however, she does address the assertion that she was engaged in "bombarding" the court with emails about discovery. She was not.

On November 14, 2025, the Courtroom Deputy for Judge Wise copied Counsel on an email

string commencing on November 13, 2025 which included several emails from Plaintiffs' counsel's office to the Court. (MacGregor Decl., ¶20, Ex. B.) Counsel was not copied on the November 13, 2025 emails and did not respond to the November 14, 2025 email on which the Courtroom Deputy copied her. (MacGregor Decl. ¶21.) Later that day Plaintiffs' office emailed the Courtroom Deputy for Judge Cousins and copied Counsel. (MacGregor Decl., ¶22, Ex. C.) She did not respond to this email. (MacGregor Decl. ¶23.) On November 20, 2025 Plaintiffs' counsel emailed Judge Cousins' Courtroom Deputy asking for guidance from Judge Cousins regarding Mr. Koeppel's deposition, scheduled to proceed the next day. (MacGregor Decl., ¶24, Ex. D.) Counsel responded to this email, explaining that counsel had met and conferred and that she understood Mr. Koeppel would be appearing for his deposition. (*Id.*) The email was intended merely to convey that counsel had met and conferred. (*Id.*) Based on Counsel's review of her outlook and her recollection, this email response was the one and only email she sent to the Court prior to Docket 31.[2] (MacGregor Decl., ¶25.)

### D. Work Undertaken Before February 18, 2026 To Comply With The Court's Pre-Trial Conference Standing Order Requirements

Toward the end of the year, Counsel began carefully studying the Court's Standing Order re Civil Jury Trials. (MacGregor Decl., ¶26.) On January 13, 2026, she and Ms. Henderson created a shared document listing all the submissions and work to be done to comply with the order and met almost daily thereafter to review the list and track their progress on the submissions to be prepared, shared and submitted. (MacGregor Decl., ¶27.) The list included the seventeen categories to be addressed in the Joint Pre-Trial Conference Statement and the five subjects on which lead counsel were to meet and confer 21 calendar days before the conference. On the same day, Counsel emailed Plaintiffs' counsel the standing order and asked to meet and confer the week of the 19th on the subjects specified therein. (MacGregor Decl., ¶28, Ex. E.) In a separate email of the same date, she asked to meet and confer regarding motions in limine. (MacGregor Decl., ¶29, Ex. F.) In communications on this date, she stressed the need to meet and confer well in advance of the joint

---

[2] Today, Ms. Henderson checked her sent folder and found a November 12 email she sent to Judge Wise's Courtroom Deputy. Counsel has discussed this with Ms. Henderson. The parties emailed with Ms. Warren on March 3 and 4, 2026 in connection with completion of pre-trial submissions.

submissions. (MacGregor Decl., ¶30.)

On January 16, 2026, at Plaintiffs' request, Counsel participated in a meet and confer regarding Plaintiffs' motion to exclude Defendants' expert. (MacGregor Decl., ¶31. Ex. G.) In this meeting she again raised the need to meet and confer to comply with the Court's pre-trial standing order. (*Id.*)

The Parties met and conferred by Zoom on January 21, 2026. Counsel prepared a checklist for the meeting including thirteen items: 1) Settlement; 2) Undisputed Facts; 3) Disputed Facts; 4) Submission of an Agreed Statement of Facts; 5)Stipulations re Agreement to expedite presentation of evidence; 6) Witnesses; 7) Exhibit Schedules and Summaries (including exchange date of lists; objections and counter-designations and exhibits; and responses to objections; 8) Time needed to try the case; 9) Jury Questionnaire; 10) MILs; 11) Jury Instructions; 12) Receiving Plaintiffs' portions of pre-trial statement; and, 13) Deposition Designations. (MacGregor Decl., ¶32.) She asked counsel to agree upon a schedule that would enable them to accomplish the work to be done, including front-loading MILS so they would not be drafting oppositions and doing all the other pre-trial submissions at the same time. (MacGregor Decl., ¶33.) This suggestion was declined. (*Id.*)

On January 28, 2026, Counsel provided Plaintiffs the defense exhibits and a spreadsheet identifying them. (MacGregor Decl., ¶34.) She received Plaintiffs' exhibits on the same date. (MacGregor Decl., ¶34.)

On January 29, 2026, Counsel devoted two hours to review of Plaintiffs' exhibits. She provided objections to Plaintiffs' exhibits and a proposed neutral statement of the case, proposed supplemental jury questions and a draft joint pre-trial conference statement with all of defendants' portions filled in and a proposed set of undisputed facts. (MacGregor Decl., ¶35, Ex. H.)

On January 30, 2026, counsel met and conferred via zoom on the work needed to be done to comply with the Court's pre-trial standing order. (MacGregor Decl., ¶36, Ex. I.) By this point, Counsel identified overlapping exhibits, provided the exhibit numbers to Plaintiffs' counsel and proposed they stipulate to those exhibits. (*Id.*) She followed up later that day, providing a list of those exhibits. (MacGregor Decl., ¶37, Ex. J.) Defense counsel urged additional meet and confer

over the weekend. (MacGregor Decl., ¶36, Ex. I.) Plaintiffs' counsel did not agree. (MacGregor Decl., ¶36.)

On February 1, 2026 (Sunday), Counsel emailed a list of work to be completed and asked to meet and confer on Tuesday, February 3, 2026. (MacGregor Decl., ¶38, Ex. K.) Plaintiffs' counsel did not agree. (MacGregor Decl., ¶36.)

On February 2, 2026, defense counsel sent their proposed jury instructions, proposed special verdict form and three Motions in Limine.[3] (MacGregor Decl., ¶39, Ex. L.) At the end of the day, Plaintiffs provided their portions of the Joint Pre-Trial Conference Statement, in which they objected to Defendants' proposed undisputed facts and also served their Motions in Limine. (MacGregor Decl., ¶40, Ex. M.)

Mid-afternoon on February 3, 2026, Plaintiffs provided their proposed jury instructions and proposed special verdict form. (MacGregor Decl., ¶41, Ex. N.) Defendants identified which of Plaintiffs' proposed instructions they objected to within six hours of receipt. (MacGregor Decl., ¶42, Ex. O.)

On February 3 and 4, 2026, Plaintiffs objected to certain of Defendants' proposed instructions and provided statements in support of some of the jury instructions they proposed to which Defendants objected. (MacGregor Decl., ¶43, Ex. P and Ex. Q.) At 11:25 a.m. on February 4, 2026, defense counsel realized there was an error with respect to the Model Civil Jury Instructions and brought this to Plaintiffs' counsel's attention. (MacGregor Decl., ¶44, Ex. R.) Efforts to meet and confer by telephone or zoom were rebuffed. (MacGregor Decl., ¶45, Ex. S and Ex. T.) Plaintiffs' counsel fell silent other than to say he needed more time to review them. (MacGregor Decl., ¶45, Ex. T, p. 2.) Defense counsel placed those instructions in a separate tab in the jury instruction binder and alerted the Court to her error. (MacGregor Decl., ¶47.)

On February 4, 2026, defense counsel's office filed the Joint Pre-Trial Conference Statement and their attachments, including the parties' exhibit lists, MILS, Proposed Verdict Forms, Proposed Voir Dire Questions and submitted the binder of jury instructions separated into

---

[3] As explained in Docket 68, counsel believed she sent the redlines of the proposed Model Civil Jury Instructions. She sent the list of instructions but did not attach her redlines to them.

(a) agreed; (b) both sides agree should be given but do not agree on language; and (c) one side proposes and the other side opposes categories. (MacGregor Decl., ¶47; Dkt Nos. 66, 67, 68, 69, 70, and 71.) She also included the Model Civil Jury Instructions under a separate tab. (MacGregor Decl., ¶47.)

With respect to MILS, Counsel was aware of and sought to honor the Court's 25-page limit. (MacGregor Decl., ¶48.) She did not understand caption pages counted toward the page limit, given Local Rule 7-4(b). (*Id.*) Excluding the caption pages, the three motions and three oppositions the Defendants submitted consisted of 27 pages. (Dkt. 71.) Two of the 27 pages were a page with a signature block, one word and a one sentence conclusion and a page with a one sentence conclusion, signature block and footnote. (*Id.*) She apologizes to the Court for overstepping. (*Id.*)

On February 9, 2026, Counsel sought Plaintiffs' position re the Model Civil Jury Instructions so she could provide the Court an updated binder. (MacGregor Decl., ¶49, Ex. U.) She received no response. Plaintiffs provided their responses to the Proposed Model Civil Jury Instructions on February 13, 2026, but did not provide any other of their missing portions regarding instructions they proposed or opposed. (MacGregor Decl., ¶50, Ex. V.) Defense counsel submitted these additional documents to the Court via Docket 85.

E. **Efforts To Meet And Confer To Comply With Court's Order Following February 18, 2026**

During the February 18, 2026 status conference, defense counsel committed to work to complete pre-trial submissions, but raised a concern about limits on her time, including two days in which she would be involved in depositions. (MacGregor Decl., ¶51.) The Court encouraged the parties to get to work and to submit a report if they needed a day or two more. (*Id.*) Defense counsel took the order seriously and did not plan to ask for the extra time the Court stated might be available. (*Id.*) While away with her family she took the initiative to meet and confer, made herself available to and did meet and confer. (MacGregor Decl., ¶53, Ex. W.) Counsel met and conferred for about 45 minutes on February 20. (MacGregor Decl., ¶53.) She offered to meet and confer over the weekend. (MacGregor Decl., ¶54, Ex. X.) Plaintiffs' counsel had limited time and

declined to meet and confer over the weekend citing his "other gig." (*Id.*) The history of these efforts is set forth at p. 6 of Docket 94.

Working toward a set of stipulated facts Counsel prepared a proposal drawn from the facts she originally proposed in the draft Joint Pretrial Conference Statement circulated on January 29. (MacGregor Decl., ¶55.) Ms. Henderson sent them to Plaintiff's counsel on February 24, 2026. (MacGregor Decl., ¶56, Ex. Y.) Plaintiffs sent their comments the next day and defense counsel made notes on the facts to be discussed during a meet and confer session scheduled for the 25th. (MacGregor Decl., ¶57.) As explained in Docket 94, Plaintiffs' counsel canceled the meet and confer. The limited time Plaintiffs made available for meet and confer resulted in accomplishing only some of the work to be done, as reported in Docket 94. (*Id.*) Ultimately, the stipulated facts the parties submitted on March 4, 2026 included 19 of the 38 facts defendants proposed on January 29, 2026. (MacGregor Decl., ¶58.)

It does appear that all counsel misunderstood the Court's expectation with respect to the exhibit list: the notes circulated following the hearing separated the exhibit tasks from the filings to be submitted on February 27th. (MacGregor Decl., ¶59.) For her part in this misapprehension, Counsel apologizes. (*Id.*) When she received the Court order regarding the exhibit list, defense counsel and her team prepared a unified exhibit list, which she sent to Plaintiffs' counsel on Sunday, March 1. (MacGregor Decl., ¶60, Ex. Z.) She recirculated a list of overlapping exhibits and, on Monday, March 2, 2026, re-reviewed each of Plaintiffs' 99 exhibits to expand her stipulations where possible, which she noted in the next iteration of the list shared with Plaintiffs' counsel. (MacGregor Decl., ¶61.)

F.   **Legal Issues Related To The Verdict Form And Jury Instructions**

Defense counsel considered what to include in the "Legal Issues" section of the Joint Pretrial Conference Statement carefully, because, in her experience, the issues addressed in this section provide a basis for the Court to understand where the parties are likely to disagree on jury instructions, the verdict form and evidence. (MacGregor Decl., ¶¶62, 63.)

Defense counsel tried ten legal malpractice actions between 2006 through 2025, and, in her experience, issues regarding the overlap between legal malpractice and breach of contract causes of

action have typically arisen in the context of jury instructions and the verdict form. (MacGregor Decl., ¶62.) For this reason, she included a discussion of the overlap between Plaintiffs' legal malpractice and breach of contract causes of action in the "Legal Issues" section of the Joint Pretrial Conference Statement. (MacGregor Decl., ¶63.) The issue did not seem appropriate for a motion in limine because the evidence to prove/disprove breach of contract is the same evidence that would prove/disprove the legal malpractice. (MacGregor Decl., ¶64.) The point she was attempting to make was that because of the overlap, resolution of the legal malpractice would necessarily resolve the breach of contract issue. (*Id.*) She understands the Court believes this is an issue that should have been raised in a motion to dismiss or motion for summary adjudication. Defense counsel applied her prior trial experience and understanding when presenting it the way she did. (MacGregor Decl., ¶¶62-64.)

Similarly, in Counsel's experience, there is frequently a back and forth on the causation standard to be applied to a breach of fiduciary duty cause of action. (MacGregor Decl., ¶65.) The 2025 update to CACI which added 4106(A) (the standard for intentional breach of fiduciary duty) and 4106B (the standard for negligent breach of fiduciary duty) provides significant clarity and assistance in resolving what had previously been a cloudy issue. (MacGregor Decl., ¶66.) She highlighted this, not to seek elimination of a cause of action, but to alert the court to the issue so that the correct instruction was given to the jury. (MacGregor Decl., ¶67.)

### III. ANALYSIS

Counsel acknowledges the Court's authority to issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney" is "substantially unprepared to participate" in a pretrial conference and/or "fails to obey a scheduling or other pretrial order." FRCP 16(f)(2) further provides: "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

Counsel has explained above, and in her declaration, the efforts undertaken to comply with the Court's pretrial standing order and those circumstances that were not within her control. If the

Court finds her efforts wanting, it was not the product of counsel's willfulness or bad faith. Thus, if sanctions are awarded, they should reflect the absence of willfulness and/or bad faith. In addition, as explained in *Martin Family Trust v. Heco/Nostalgia Enterprises Co.*, 186 F.R.D. 601, FN4 (U.S.D.C. E.D. Cal. 1999), sanctions should be imposed against the attorney and not the client, if that is where the fault lies. Counsel's clients were not involved in the weeks' long efforts to meet and confer to comply with the Court's pre-trial order and their conduct in discovery has never been the subject of motion practice or a motion for sanctions.

## IV. CONCLUSION

It bears repeating that the Court's critique has landed with Counsel and will stay with her as she continues to practice law. Based on the response set forth above and supported by her declaration, Counsel respectfully asks the Court to vacate the OSC as to Defendants' counsel and their clients. Alternatively, should the Court issue sanctions, Counsel asks that they be monetary sanctions assessed solely against defendant's lead trial counsel.

Dated: March 6, 2026.                LONG & LEVIT LLP

_____
JESSICA R. MACGREGOR
ABIGAIL W. HENDERSON
Attorneys for Defendants
STEVEN WILKER and TONKON TORP LLP

4922-7550-7605, v. 1