JESSICA R. MACGREGOR, Bar No. 168777
JOHN B. SULLIVAN, Bar No. 238306
ABIGAIL W. HENDERSON, Bar No. 338358
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:    (415) 397-2222
Facsimile:    (415) 397-6392
Email:        jmacgregor@longlevit.com
              jsullivan@longlevit.com
              ahenderson@longlevit.com

Attorneys for Defendants
STEVEN WILKER and TONKON TORP LLP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GARY MERLE KOEPPEL, individual and as Trustee for the KOEPPEL FAMILY TRUST; EMMA K. KOEPPEL, individual and as Trustee for the KOEPPEL FAMILY TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN WILKER; TONKON TORP, LLP, DOES 1-10, <br><br> Defendants. | Case No. 5:24-cv-06457-NW <br><br> **OPPOSITION TO PLAINTIFFS' REQUEST FOR EXPERT TO APPEAR REMOTELY AT TRIAL** <br><br> Action Filed:  July 25, 2024 |

## I.    INTRODUCTION

With over 50 years of experience combined, Plaintiffs' counsel and Mr. West know that an expert witness must testify in open court.  With this knowledge, Mr. West agreed to serve, and Plaintiffs disclosed him, as an expert witness in this case.  Now, three days before trial, without a declaration under the penalty of perjury from Mr. West or a doctor, Plaintiffs request that the Court allow Mr. West to appear at trial remotely because he "requires on-going in center hemodialysis treatments three times a week (Monday, Wednesday, and Friday)."

The court should deny this motion because there is no good cause for Plaintiffs' delay in disclosing this to Defendants or for circumventing the Federal Rule requiring testimony in open

OPPOSITION TO PLAINTIFFS' REQUEST FOR EXPERT TO APPEAR REMOTELY AT TRIAL

court.

## II.    LEGAL ARGUMENT

### A.    The Court Should Reject Plaintiffs' Request To Allow Mr. West To Testify Remotely

Rule 43(a) requires that a witness's testimony be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. Fed. R. Civ. P. 43(a).  A court may permit testimony in open court by contemporaneous transmission from a different location only "[f]or good cause in compelling circumstances and with appropriate safeguards." *Id.*

"The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling. The opportunity to judge the demeanor of a witness face to-face is accorded great value in our tradition."   Fed. R. Civ. P. 43, Notes of Advisory Committee on 1996 Amendment.

Good cause cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.  *Id.*  Moreover, a party who could reasonably foresee the circumstances offered to justify transmission of testimony "will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.*  Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying.   *Id.*

In *Ali v. Lambert* No. 20-5084, 2021 WL 3009712 (10th Cir. July 16, 2021), the Court of Appeals upheld the lower court's denial of the plaintiff's request to testify remotely because he was residing in the United Arab Emirates and he failed to obtain a visa to enter the United States to prosecute his claims.  In so holding, the Court of Appeals cited plaintiff's failure to raise the issue in a timely manner (approximately six weeks before trial) as proper grounds for denying the request. (*Id*. at *3.)

The Court should reject Plaintiffs' request to have Mr. West appear remotely for several reasons.

First, Plaintiffs were aware of Mr. West's condition before disclosing him as an expert witness yet waited until the eve of trial to disclose it.  Mr. West has apparently been receiving these treatments for over two years – since before he was disclosed as an expert and presumably since before he agreed to be an expert in this case.  Plaintiffs have provided no evidence that they could not reasonably foresee these treatments would interfere with Mr. West's ability to appear in person at trial.  Plaintiffs have not explained why they waited so long to make the request.  Defendants assume it was to prevent the parties from communicating with Mr. West's and/or his medical providers to understand the extent of his limitations such that an alternative suitably protective of Defendants' entitlement to live trial testimony.

Second, the motion does not explain why Mr. West cannot appear in Court and testify on Tuesday, April 28, 2026.  He does not receive treatments on Tuesdays and can travel to and from San Jose in a single day.  Defendants note that Mr. West remains listed as lead counsel for Plaintiffs in *Gary Koeppel, as individual and as trustee for the Koeppel Family Trust, and Emma Koeppel, as individual and trustee for the Koeppel Family Trus v. Nationstar Mortgage LLC; Wells Fargo, N.A., Mortgage Electronic Registration Systems, Inc.,* United State District Court, Northern District Case No.: 3:25-cv-07325-PCP.

Finally, avoiding the travel costs is not good cause.  Plaintiffs decided to retain an expert in Southern California despite the fact the matter is being tried in San Jose, CA.  The Court should not subsidize that decision by allowing them to appear remotely.

For these reasons, the Court should deny the motion.

**B.     In The Alternative, Defendants Request The Court Allow Remote Testimony Only With Appropriate Safeguards**

Plaintiffs' conduct regarding Mr. Paatalo's document production causes Defendants significant concern that allowing Mr. West to testify from somewhere other than in the courtroom will be unfair to them.  Remote testimony risks Mr. West reading from a script or being assisted by someone off camera.  Plaintiffs do not point to any safeguards that would prevent such conduct.  For this reason alone, Plaintiffs fail in their burden to substantiate the elements necessary for an exception to be made to the Rule 43(a)'s requirement of live testimony.

OPPOSITION TO PLAINTIFFS' REQUEST FOR EXPERT TO APPEAR REMOTELY AT TRIAL

If, however, the Court is inclined to grant Plaintiffs' request, Defendants request the following safeguards be put in place at Plaintiffs' sole expense:

(1)     Mr. West provide testimony from a court reporter's office approved by the Court;

(2)     Mr. West be prohibited from taking any personal devices (computers, smartphones/watches/glasses, or tablets) or documents into the court-approved room from which Mr. West is testifying;

(3)     Mr. West swears under oath that he will not communicate with Plaintiffs or any of Plaintiffs' agents (including anyone associated with Mr. Freshman's office) from the commencement of his testimony until he has been released as a witness; and

(4)     Fees and costs associated with a representative for Defendant observing Mr. West's testimony in person and presenting him with exhibits on direct and cross-examination will be borne by Plaintiff.

## III.    CONCLUSION

Because Plaintiffs failed to provide timely notice of the request for remote live testimony at trial and because Plaintiffs have failed to make a showing of good cause for an exception to Federal Rule 43(a) that requires live testimony at trial, Defendants respectfully request Plaintiffs' motion be denied.

Dated:  April 17, 2026.                        LONG & LEVIT LLP

                                                          JESSICA R. MACGREGOR
                                                          JOHN B. SULLIVAN
                                                          ABIGAIL W. HENDERSON
                                                          Attorneys for Defendants
                                                          STEVEN WILKER and TONKON TORP LLP

4920-6840-5923, v. 1