UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY MERLE KOEPPEL, et al.,

Plaintiffs,

v.

STEVEN WILKER, et al.,

Defendants.

Case No. 24-cv-06457-NW

**ORDER RE APRIL 21, 2026 HEARING**

Re: ECF No. 145

As discussed more fully on the record, the Court makes the following Orders:

1. The Court takes Defendants' motion for sanctions, ECF No. 145, under submission.

2. The Court's Order to Show Cause, ECF No. 112, is DISCHARGED as to Defendants only.

3. By no later than close of business on **April 28, 2026**, counsel for Defendants shall provide the Court with an accounting of their fees and costs for all the Montana litigation, and, from February 18, 2026 through April 21, 2026, for litigation in this action. Defendants must provide sufficient information for the Court to discern the nature of the underlying tasks and determine what fees and costs may be recoverable.

4. By no later than **May 1, 2026**, Plaintiffs shall produce any and all documents, communications, or emails in their possession, custody, or control, responsive to any of Defendants' requests for production.

   a. This information shall include but is not limited to:

      i. The refinancing of the mortgage on 24685 Outlook Drive, Carmel, California 93923;

      ii. AMGAR or the AMGAR strategy;

iii.    William Paatalo;

iv.    The instant litigation;

v.    Any of the litigations underlying or related to this action (*e.g.*, Monterey Superior Court Case No. M133160; California Northern District Court Case No. 5:18-cv-03443-EJD; Monterey County Superior Court Case No. 21CV001586);

vi.    Brian Wilker and/or Tonkin Torp LLP.

b.    As discussed more fully on the record, Plaintiffs failed to meet their discovery obligations under Federal Rule of Civil Procedure 26.  As sanction for that failure, the Court finds that Plaintiffs have waived any and all objections they raised in response to Defendants' requests for production, including objections on the basis of privilege, work product, or scope.[1]  In short, Defendants may not withhold ***any*** documents that fall into any of the categories referenced above, irrespective of whether Plaintiffs believe the documents are relevant, responsive, or subject to any privilege.

c.    As counsel to Plaintiffs and as an officer of the court, the Court ORDERS Mr. Freshman to conduct whatever due diligence is necessary to ensure his clients are in complete compliance with their discovery obligations and this Court's Orders.  As part of that diligence, Mr. Freshman should cross reference his own communications with Plaintiffs to ensure Plaintiffs are producing all relevant communications that include Mr. Freshman as sender or recipient.[2]

5.    By no later than close of business on **May 4, 2026**, the parties shall provide a joint report as to the status of: (1) the Montana action, including Mr. Paatalo's production of all 6,153

---

[1] The Court notes that even before this sanction, Judge Cousins had overruled the temporal scope objections previously asserted by Plaintiffs, and Judge Malloy in Montana found that all objections were waived as untimely.  *See* ECF No. 48.

[2] At the hearing, Mr. Freshman attributed the deficiencies in previous productions to Mr. Koeppel's failure to turn documents over to counsel.  Rough Tr. (Mr. Freshman: "I produced everything that Mr. Koeppel gave me.").  Mr. Freshman is now on notice of his client's noncompliance.  The Court will not accept any future excuse from Mr. Freshman that attempts to absolve his independent professional and ethical obligations based on Mr. Koeppel's insufficient search or tender of documents that must be produced pursuant to this Order.  If necessary, the Court may require Plaintiffs to engage and pay for a third-party e-discovery contractor to do a full forensic collection of Mr. Koeppel's emails.

United States District Court
Northern District of California

emails ordered by that Court, and  (2) Plaintiffs' document production described above.

    a.    If Mr. Paatalo fully complies with *all* the Montana Court Orders before May 4, 2026, the parties shall immediately inform the Court.

    6.    The Court SETS a case management conference (CMC) for **May 5, 2026** at 2:00 p.m.  Counsel shall appear in person.  Mr. Koeppel must also appear in person.

    **IT IS SO ORDERED.**

Dated: April 23, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

3