JESSICA R. MACGREGOR, Bar No. 168777
JOHN B. SULLIVAN, Bar No. 238306
ABIGAIL W. HENDERSON, Bar No. 338358
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:    (415) 397-2222
Facsimile:    (415) 397-6392
Email:        jmacgregor@longlevit.com
              jsullivan@longlevit.com
              ahenderson@longlevit.com

Attorneys for Defendants
STEVEN WILKER and TONKON TORP LLP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GARY MERLE KOEPPEL, individual and as Trustee for the KOEPPEL FAMILY TRUST; EMMA K. KOEPPEL, individual and as Trustee for the KOEPPEL FAMILY TRUST,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEVEN WILKER; TONKON TORP, LLP, DOES 1-10,<br><br>    Defendants. | Case No. 5:24-cv-06457-NW<br><br>**STIPULATION OF DISMISSAL OF ALL ACTIONS WITH PREJUDICE AND [PROPOSED] ORDER**<br><br>Action Filed:  July 25, 2024 |

Plaintiffs Gary Merle Koeppel, individually and as Trustee for the Koeppel Family Trust and Emma K. Koeppel, individually and as Trustee for the Koeppel Family Trust ("Plaintiffs") and Defendants Steven Wilker and Tonkon Torp, LLP ("Defendants") (collectively referred to herein as "Parties"), hereby stipulate by and through their respective counsel of record:

**WHEREAS**, on July 25, 2024, the Koeppels filed an action against Tonkon Torp in Monterey Superior Court, Case No. 21CV001586;

**WHEREAS**, Tonkon Torp removed the action to United States District Court, Northern District of California where it was assigned case No. 5:24-cv-06457 (the "Action");

**WHEREAS**, on April 17, 2026, Defendants filed a motion for terminating, issue, evidentiary, and monetary sanctions based on Plaintiffs' withholding of relevant documents;

**WHEREAS,** on May 5, 2026, the Court found that Plaintiffs and their counsel Ron Freshman, engaged in sanctionable conduct, and found Plaintiffs and Mr. Freshman jointly and severally liable to Defendants for (1) all fees and costs related to *In re Paatalo*, United States District Court for the District of Montana, Case No. 9:26-mc-000001-DWM less the amount already awarded in that proceeding; (2) the fees associated with Defendants' motion for terminating sanctions; (3) the fees and costs spent on juror research; (4) a portion of the fees and costs associated with five of seven pretrial conferences the Court held in March, and April of 2026; (5) fees and costs associated with Defendants' briefing on Plaintiffs' motion for reconsideration; and (6) additional attorney fees and costs for preparing, travelling, and attending the May 5, 2026 hearing;

**WHEREAS**, on May 29, 2026, the Court ordered the Plaintiffs and Mr. Freshman, to pay Defendants $123,218.94 no later than the close of business on June 26, 2026.

**WHEREAS**, the Parties have entered into a Settlement Agreement wherein the Parties have agreed to dismiss Case No 5:24-cv-06457 (the "Action") with prejudice. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A**;

**WHEREAS**, nothing in the Settlement Agreement or this stipulation shall be interpreted to release or otherwise modify any claims or otherwise modify sanctions orders in *In re Paatalo*, United States District Court for the District of Montana, Case No. 9:26-mc-000001-DWM;

**WHEREAS**, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), following the filing of an answer by defendants, a plaintiff may dismiss his or her claims without a court order if all parties appearing in the lawsuit so stipulate;

**NOW THEREFORE**, the parties through their respective counsel record stipulate and agree that Plaintiffs' claims in this Action will be dismissed with prejudice.

///

STIPULATION OF DISMISSAL OF ALL ACTIONS WITH PREJUDICE AND [PROPOSED] ORDER

**IT IS SO STIPULATED.**

Dated:                                        LAW OFFICES OF RONALD H. FRESHMAN


_____
RONALD H. FRESHMAN
Attorney for Plaintiffs
GARY M. KOEPPEL and EMMA K. KOEPPEL

Dated:  June 17, 2026.              LONG & LEVIT LLP


_____
JESSICA R. MACGREGOR
JOHN B. SULLIVAN
ABIGAIL W. HENDERSON
Attorneys for Defendants
STEVEN WILKER and TONKON TORP LLP

STIPULATION OF DISMISSAL OF ALL ACTIONS WITH PREJUDICE AND [PROPOSED] ORDER

## [PROPOSED] ORDER

Pursuant to the stipulation of the parties under Federal Rules of Civil Procedure 41(a), it is ordered that this action be dismissed, with prejudice, with each party bearing its own attorney's fees and costs.

IT IS SO ORDERED.

Dated: _____ June 18 _____, 2026.

_____
HON. NOEL WISE

4898-1404-1779, v. 1

STIPULATION OF DISMISSAL OF ALL ACTIONS WITH PREJUDICE AND [PROPOSED] ORDER

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is dated June 10, 2026, and is entered into between Plaintiffs, Gary Merle Koeppel and Emma K. Koeppel, individually and as Trustees of the Koeppel Family Trust ("Koeppel" or "the Koeppels") on the one hand; and Defendants, Steven Wilker and Tonkon Torp, LLP ("Tonkon Torp"), on the other hand.  (The Plaintiff and Defendant are collectively referred to as the "Parties"; each a "Party").

## I.  RECITALS

**WHEREAS**, on July 25, 2024, the Koeppels filed an action against Tonkon Torp in Monterey Superior Court, Case No. 21CV001586;

**WHEREAS**, Tonkon Torp removed the action to United States District Court, Northern District of California where it was assigned case No. 5:24-cv-06457 (the "Action").

**WHEREAS**, on April 17, 2026, Tonkon Torp filed a motion for terminating, issue, evidentiary, and monetary sanctions based on Koeppels' withholding of relevant documents.

**WHEREAS,** on May 5, 2026, the Court found that Koeppels and their counsel Ron Freshman, engaged in sanctionable conduct, and found the Koeppels' and Mr. Freshman jointly and severally liable to Tonkon Torp for (1) all fees and costs related to *In re Paatalo*, United States District Court for the District of Montana, Case No. 9:26-mc-000001-DWM less the amount already awarded in that proceeding; (2) the fees associated with Tonkon Torp's motion for terminating sanctions; (3) the fees and costs spent on juror research; (4) a portion of the fees and costs associated with five of seven pretrial conferences the Court held in March, and April of 2026; (5) fees and costs associated with Tonkon Torp's briefing on Plaintiffs' motion for reconsideration; and (6) additional attorney fees and costs for preparing, travelling, and attending the May 5, 2026 hearing.

**WHEREAS,** on May 29, 2026, the Court entered an order directing the Koeppels and Mr. Freshman to pay Tonkon Torp $123,218.94 no later than June 26, 2026; and

**WHEREAS,** as a material term of this Settlement Agreement, Tonkon Torp has agreed to accept the Settlement Payment of Thirty Thousand Dollars ($30,000.00) as full and final satisfaction of any right it may have to collect the sanctions awarded in the Court's May 29, 2026 Order (Dkt. 188), subject to the terms of this Agreement; and

**WHEREAS,** the Parties acknowledge that the sanctions award was entered by the Court and that Tonkon Torp cannot guarantee that the Court will not independently seek to enforce, modify, or otherwise address its own sanctions order notwithstanding the Parties' settlement.

**WHEREAS,** the Parties have reached a resolution of the Action.

**WHEREAS,** Tonkon Torp denies liability to Plaintiffs. Nothing in this Settlement Agreement is or shall be construed as an admission of liability or wrongdoing, or a violation of any local, state or federal laws, regulations or ordinances by any Party.

1

4915-1878-2327, v. 1

**WHEREAS,** nothing in this Settlement Agreement shall be interpreted to release or otherwise modify any claims or sanctions orders in *In re Paatalo*, United States District Court for the District of Montana, Case No. 9:26-mc-000001-DWM.

**NOW, THEREFORE,** for and in consideration of the express covenants, representations, obligations, and releases set forth in this Settlement Agreement, the Parties, intending to be legally bound by this Settlement Agreement, agree to compromise and settle the disputes between and among them, as follows:

## II. DEFINITIONS

In addition to the above-defined terms, the following words or phrases will have the following meanings:

A.    The term "Tonkon Torp" shall mean:

    1.    Tonkon Torp LLP; and

    2.    All present and former officers, directors, affiliates, partners, subsidiaries, divisions, agents, employees, insurers, successors, and assigns of Tonkon Torp LLP including Steven Wilker.

B.    The term "Koeppels" means Plaintiffs, Gary Merle Koeppel and Emma K. Koeppel, individually and as Trustees of the Koeppel Family Trust.

C.    The terms "Claim" and "Claims" shall be interpreted as broadly as permitted under the law and shall include claims that either party asserted or could have asserted in the Action, as well as any and all manner of claim and claims, action and actions, cause of action and causes of action, suits, debts, losses, obligations, dues, liens and rights to lien, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, attorneys' fees, costs, torts, compensatory, consequential and punitive damages, judgments, executions, damages, and demands whatsoever, at law or in equity or mixed, or both, or before any administrative or regulatory counsel, tribunal, committee, agency, association, board or department, including but not limited to, all known, unknown, foreseeable, unforeseen, accrued, unaccrued, anticipated, unanticipated, suspected, unsuspected, mature, unmatured, past or present claims, the parties have or may have against one another.

D.    The "Effective Date" is the date by which all of the following have occurred: The Settlement Agreement has been fully executed and counsel for each Party has received a fully executed copy.

## III.    REPRESENTATIONS, WARRANTIES, UNDERTAKINGS, AND RELEASE

A.    **Consideration:** In consideration of this Settlement Agreement and the releases and other promises, terms and conditions set forth herein, the Parties agree as follows:

2

1.   The Koeppels shall pay to Tonkon Torp the total sum of THIRTY THOUSAND DOLLARS AND NO/100 ($30,000.00) ("Settlement Payment") as set forth in A(2).

2.   The Settlement Payment shall be made to Tonkon Torp LLP and remitted via wire transfer within ten (10) days of full execution of the Settlement Agreement pursuant to the following wiring instructions:



3.   The Koeppels will execute a joint stipulation under Federal Rules of Civil Procedure 41(1)(A)(ii) to dismiss the entire Action with prejudice, a copy of which is attached hereto as Exhibit A

4.   Tonkon Torp shall file the joint stipulation under Federal Rules of Civil Procedure 41(1)(A)(ii) to dismiss the entire Action with prejudice, a copy of which is attached hereto as Exhibit A, within five (5) business days of Tonkon Torp's receipt of the funds set forth in paragraphs 1 and 2.

5.   Upon receipt of the Settlement Payment and dismissal of the Action with prejudice, the Settlement Payment shall constitute full and final settlement, compromise, and satisfaction of any right of Tonkon Torp to collect, enforce, execute upon, assign, transfer, or otherwise pursue the sanctions awarded in the Court's May 29, 2026 Order (Dkt. 188) in the amount of $123,218.94 against the Koeppels or Mr. Freshman. Tonkon Torp shall not seek to collect, enforce, execute upon, assign, transfer, or otherwise pursue any portion of the sanctions awarded in the May 29, 2026 Order. The Parties acknowledge that the sanctions order was entered by the Court, and Tonkon Torp makes no representation or warranty regarding any action the Court may independently elect to take concerning that order. Execution and performance under this Settlement Agreement, including without limitation the payment of the Settlement Payment, is material consideration for this settlement. As additional consideration for this Settlement Agreement, the Parties have agreed to the mutual release of claims and other terms and conditions set forth herein.

6.   Notwithstanding the foregoing, after receipt of the Settlement Payment, Tonkon Torp shall take no action, directly or indirectly, to collect, enforce, execute upon, assign, transfer, support, encourage, facilitate, or assist in the collection of the sanctions awarded in the Court's May 29, 2026 Order (Dkt. 188), and shall treat such sanctions as fully compromised and resolved as between the Parties and Ron Freshman.

3

4915-1878-2327, v. 1

**B.    Release and Covenant Not to Sue:**

1.    In consideration of Defendants agreement to waive their right to collect the sanctions awarded in the May 29, 2026 order and for other good and valuable consideration, the sufficiency of which is hereby expressly acknowledged, the Koeppels on their behalf and on behalf of their heirs, estates, executors, administrators and assigns and any entity that they currently own or previously owned an interest in or controls (direct, indirect or otherwise), and on behalf of any of their respective current and former officers, directors, partners, shareholders, members, limited partners, affiliates, attorneys, including but not limited to Ronald H. Freshman and the Law Offices of Ronald H. Freshman, employees, managers, predecessors, successors, insurers, agents, servants, representatives, persons or entities claiming rights through them, heirs, estates, executors, administrators and assigns, do fully and forever release, remise and discharge Tonkon Torp, its respective successors and predecessors, and its current and former assigns, insurers, members, partners, limited partners, directors, agents, servants, shareholders, employees, officers, attorneys, affiliates, managers, predecessors, successors, persons or entities claiming rights through them, heirs, estates, executors, administrators and representatives, including but not limited to Steven Wilker and his heirs, estates, executors, administrators and assigns, from any and all Claims, related to or arising from the Action and any events, acts or omissions of Tonkon Torp that have occurred from the beginning of time up to and including the Effective Date, which the Koeppels, had, have, may have had or may have now, or hereinafter may have or acquire. The Koeppels expressly acknowledge that this release includes, but is not limited to, any and all matters, claims, demands, liabilities, obligations, damages, fees, costs, causes of action, or suits, whether known or unknown, related to or arising out of or in any way connected with any services performed, or that should have been performed, by Tonkon Torp or Steven Wilker.

2.    In consideration of the release set forth in Paragraph III.A.1 above, the Settlement Payment, and for other good and valuable consideration, the sufficiency of which is hereby expressly acknowledged, Tonkon Torp and Steven Wilker do fully and forever release, remise and discharge the Koeppels and their heirs, estates, executors, administrators and assigns from any and all claims or potential claims, arising from any events, acts or omissions of the Koeppels that have occurred from the beginning of time up to and including the Effective Date, which Tonkon Torp or Steven Wilker, may have had or may have now, or hereinafter may have or acquire except the Parties agree to exclude from this release any claims Tonkon Torp or Steven Wilker have or may have against William Paatalo. For avoidance of doubt, Tonkon Torp explicitly does not waive its right to collect sanctions awarded in any other orders related to this Action or in any other Action, including but not limited to *In re Paatalo*, United States District Court for the District of Montana, Case No. 9:26-mc-000001-DWM. Notwithstanding the foregoing, the sanctions awarded in the Court's May 29,

4

4915-1878-2327, v. 1

2026 Order (Dkt. 188) are fully compromised and resolved as between and among the Parties to the Agreement pursuant to Paragraph III.A.5 of this Agreement.

3.    Each Party acknowledges that it has been advised by counsel or has had the opportunity to be advised by counsel concerning, and is familiar with, California Civil Code Section 1542. The Parties expressly waive the rights and benefits afforded under California Civil Code Section 1542, which reads as follows:

*A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."*

Having been so apprised, the Parties nevertheless hereby voluntarily waive the rights described in California Civil Code Section 1542. The Parties acknowledge that they may hereafter discover facts not now known to them or believed by them to be true with respect to any or all of the matters covered by this Settlement Agreement, but the releases contained in it shall remain effective in total notwithstanding such different or additional facts or the discovery of them.

C.    **Authority.** The Parties and the persons executing this Settlement Agreement represent and warrant that they have full authority to enter into and execute this Settlement Agreement, and that the persons executing this Settlement Agreement on behalf of any entity Parties have been authorized by those entities to enter into this Settlement Agreement and release the Claims identified in this Settlement Agreement.

D.    **No Admission of Liability.** This Settlement Agreement reflects compromises of the disputed Claims. All agreements made and consideration provided in this Settlement Agreement are for the exclusive purpose of facilitating compromise and avoiding the expense and uncertainty associated with the disputes now pending. Nothing contained in this Settlement Agreement shall be considered to be an admission by any Party of any liability for any claim or cause of action asserted or as an admission of liability of any kind or character. Each Party expressly denies that it is liable for any of the Claims giving rise to this dispute.

E.    **Attorneys' Fees, Other Costs, and Taxes.** Each Party shall be solely responsible for the payment of their own attorneys' fees and costs associated with the dispute and the negotiation and execution of this Settlement Agreement. Each Party has had the opportunity to consult with counsel and/or their respective tax advisors and each Party and/or each person or entity receiving any part of the Settlement Payment is responsible for their own tax payments, filings and obligations relating to that receipt, and any persons or entities receiving settlement funds take sole and complete responsibility for any tax characterization of that payment or receipt of the Settlement Payment.

F.    **Captions.** The captions or headings of the Sections or Paragraphs of this Settlement

5

Agreement are for convenience of reference only and in no way define, limit or affect the scope or substance of any Section or Paragraph of this Settlement Agreement.

**G.** **Survival of Agreements, Representations, and Warranties.** The Parties hereby agree that the provisions of this Settlement Agreement, including, without limitation, the representations, warranties, covenants and releases made herein, shall survive the execution of this Settlement Agreement and the performances by the Parties of their respective obligations under this Settlement Agreement.

**H.** **Voluntary, Knowing and Complete Agreement.**

1. Each Party executing this Settlement Agreement acknowledges and represents that such Party has read this Settlement Agreement carefully and in its entirety; that this Settlement Agreement expresses all of the understandings and agreements between and among the Parties concerning the subject of this Settlement Agreement; and that each Party has executed this Settlement Agreement freely and voluntarily, and without duress or other undue influence, after consulting with its independent legal counsel.

2. Each Party hereto acknowledges that it may hereafter discover facts different from or in addition to those now known or believed to be true with respect to the causes of action, claims, liabilities, demands, obligations, or damages of any nature whatsoever that are the subject of the releases set forth above, and each Party expressly agrees to assume the risk of the possible discovery of additional or different facts, and agrees that this Settlement Agreement shall be and shall remain effective in all respects regardless of the later discovery of such additional or different facts.

3. Each Party has been represented by independent counsel of that Party's own choosing in connection with the dispute giving rise to this Settlement Agreement and with the negotiation and execution of this Settlement Agreement. Each Party expressly represents and warrants that it is entering into this Settlement Agreement based upon its own investigation and evaluation of the matters in dispute and after consultation with counsel of its own choosing. Each Party acknowledges and agrees that it is not entering into this Settlement Agreement in reliance upon any statement or representation made by any other Party, or the lack of any statement or representation made by any other Party, except for the statements or representations that are expressly made in this Settlement Agreement.

4. The Parties acknowledge and agree that: the Settlement Agreement was bargained for and entered into in good faith and is the result of arms-length negotiations and that it is the intent of Plaintiff and Defendant in executing this Settlement Agreement to enter into a final settlement with one another and to ensure that the Defendants has no further obligations to Plaintiff for any of the claims that were made in the Action or in any other matter.

6

4915-1878-2327, v. 1

**I.**   **Severability; Waiver.** Any part, provision, representation or warranty of this Settlement Agreement that is prohibited or unenforceable, or is held by a court of competent jurisdiction to be void or unenforceable, in any jurisdiction, shall, as to such jurisdiction, be ineffective only to the extent of such prohibition or unenforceability without invalidating the remaining parts, provisions, representations or warranties herein, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction. To the extent permitted by applicable law, the Parties hereto hereby knowingly and voluntarily waive any provision of law that prohibits or renders void or unenforceable any part, provision, representation or warranty hereof. Waiver by any Party of a breach of any provision of this Settlement Agreement by any other party shall not operate or be construed as a waiver of any subsequent breach by such breaching party.  To be clear, if the Court decides to enforce its May 29, 2026 sanction order despite Defendants' agreement to accept $30,000, the other provisions in the Settlement Agreement, including all releases by the Koeppels and their agreement to dismiss the action, will remain enforceable. Notwithstanding the foregoing, nothing in this Agreement shall be construed to permit or authorize Tonkon Torp to seek, support, encourage, facilitate, assist, assign, transfer, enforce, execute upon, or otherwise participate in the collection of the sanctions awarded in the Court's May 29, 2026 Order (Dkt. 188) after receipt of the Settlement Payment.

**J.**   **Governing Law and Jurisdiction.**  This Agreement is binding, and admissible in court, for purposes of enforcing its terms despite any and all mediation confidentiality rules or agreements. The parties agree to be subject to the jurisdiction of the United States District Court, Northern District of California.

**K.**   **Multiple Originals.** This Settlement Agreement may be executed in multiple identical counterparts, in which event the various counterparts shall be and constitute one instrument for all purposes. The signature pages may be collected and annexed to one or more documents to form a fully executed Settlement Agreement. Photocopies, electronic scans, or facsimiles of executed copies or signature pages of this Settlement Agreement may be treated as originals.

**L.**   **Binding Effect.** Upon execution by all Parties, this Settlement Agreement is binding upon, and inures to the benefit of, the Parties and their respective heirs, legal representatives, successors, assigns, insurance carriers, and reinsurers.

**M.**   **Further Assurances.** Each Party hereto hereby agrees to execute such other and further documents, and to take such other and further actions, as may be reasonably requested by a Party hereto and reasonably necessary for the purpose of effectuating the agreements herein and the fundamental purposes of this Settlement Agreement, and upholding its validity (in its entirety, to the extent possible), within ten (10) business days following written request.

**N.**   **No Third-Party Beneficiaries.** Nothing express or implied in this Settlement Agreement is intended to confer, nor shall anything herein confer, upon any person other than the Parties hereto and their respective heirs, legal representatives, insurers, reinsurers, successors and assigns, any rights, remedies, obligations or liabilities whatsoever,

4915-1878-2327, v. 1

whether as creditor beneficiary, donor beneficiary or otherwise.

**O.**     **No Assignment; No Prior Disclosures.**  Plaintiff represents and warrants that he owns and holds, and has not assigned, transferred or sold, nor will it assign, transfer or sell, any rights or Claims to any other party or entity.

**P.**     **Entire Agreement.** This Settlement Agreement embodies the entire agreement and understanding among the Parties and supersedes all prior and contemporaneous agreements and understandings relating to the subject matter hereof, and any and all prior correspondence, conversations, or memoranda are merged herein and are replaced hereby.

**Q.**     **Modifications.** No part or provision of this Settlement Agreement may be changed, modified, waived, discharged or terminated except by an instrument in writing signed by all of the Parties. The failure of a Party to seek redress for violation of, or to insist upon strict performance of, any provision of this Settlement Agreement shall not be a waiver of that provision by that party or estop that Party from asserting fully any and all of its rights under this Settlement Agreement.

## EXECUTION

By executing this Settlement Agreement, all of the undersigned persons represent to each of the other Parties to this Settlement Agreement that they are legally and mentally competent, fully advised as to the meaning of this Settlement Agreement, including through consultation with counsel of their own choosing, that they are fully authorized to execute this Settlement Agreement on behalf of themselves individually or their respective Parties, and that upon the execution by the undersigned, the Parties will be bound by the terms of this Settlement Agreement.

8

4915-1878-2327, v. 1

**AGREED:**

Date: _June 10_, 2026.

Gary Merle Koeppel individually and as
Trustee of the Koeppel Family Trust

Date: _June 10_, 2026.

Emma K. Koeppel, individually and as
Trustee of the Koeppel Family Trust

Date: _____June 10___, 2026.

Ronald H. Freshman

Signed by:

Jeff Bradford

FF776C08AB89478...

Date: _6/12/2026 | 10:03 AM PDT_, 2026.

Tonkon Torp, LLP through its authorized
representative Jeffrey Bradford

DocuSigned by:

A813C07BAF4E472...

Date: _6/12/2026 | 10:01 AM PDT_, 2026.

Steven Wilker

4915-1878-2327, v. 1

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 17, 2026, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of California, using the Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all counsel of record who have consented to accept this notice as service of this document by electronic means. Any party not receiving the Court's electronic notification will be sent a copy of the foregoing document.

_____

Laurie Myers

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104